# COVINGTON

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

## MEMO ENDORSED

**By ECF**                                                           July 17, 2024

Honorable Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/17/24

Re:   ***In re Subpoena Duces Tecum Directed to Non-Party***
      ***The Marshall Project***, Misc. Case No. 1:24-mc-309-VEC

Dear Judge Caproni:

I am counsel of record to non-party movant The Marshall Project, Inc. ("TMP") in this miscellaneous proceeding.  I write in response to the Court's direction, *see* ECF 16, to respectfully request that the Court deny Plaintiff's July 15, 2024 letter motion to stay the briefing schedule for the pending motion to quash, *see* ECF 15, and maintain the briefing schedule the Court set last week, *see* ECF 11.

TMP filed a motion to quash (the "Motion") the City of Cleveland's Subpoena (the "Subpoena") in this Court on July 9, 2024.  *See* ECF 1.  In its accompanying memorandum of law, TMP explained that Cleveland's subpoena seeks materials protected by the journalist's privilege recognized in the Second Circuit.  *See* ECF 3, at 6.  TMP also explained that TMP's headquarters and primary newsroom are in Manhattan; that the Subpoena seeks the electronic production of "records from TMP's files in Manhattan or stored on TMP servers with a nexus to TMP's headquarters and primary newsroom in Manhattan"; and that a Brooklyn-based staff writer for TMP gathered those records for TMP during the course of his employment.  *See* ECF 3, at 2, 5.  Accordingly, TMP filed the Motion in this Court because it is "the court for the district where compliance is required."  ECF 3, at 5 (quoting Fed. R. Civ. P. 45(d)(3)(A)).

In its letter motion, Cleveland seeks a stay of "all briefing on the merits of the motion to quash" until this Court determines the "place of compliance."  ECF 15, at 1; *see also id.* at 7 (arguing that the Court "should stay briefing until th[e] issue [of 'place of compliance'] is resolved").  Cleveland's letter motion should be denied because it seeks to bypass the proper procedure through which courts in this Circuit assess place of compliance and because the implementation of a stay would impede the efficient resolution of the Motion.

**COVINGTON**

Honorable Valerie Caproni
July 17, 2024
Page 2

*First*, Cleveland improperly raises arguments in its letter motion that it should instead raise in its response to the Motion. *See* ECF 15. Cleveland argues that "this Court lacks jurisdiction to consider the motion to quash" because, in its mistaken view, the Northern District of Ohio is the place of compliance. *Id.* at 6; *see also, e.g.*, *id.* at 1 (arguing that "the Northern District of Ohio, not this Court, is the 'place of compliance[]'"). Cleveland can and should make its arguments about the place of compliance in its opposition to TMP's motion to quash. *See, e.g.*, *In re Smerling Litig.*, 2022 WL 684148, at *1–2 (S.D.N.Y. Mar. 8, 2022) (determining the proper venue for a motion to quash after briefing on the merits of the motion was complete); *Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, 2021 WL 411379, at *1–3 (S.D.N.Y. Feb. 5, 2021) (same). Under the briefing schedule for the Motion set by the Court, Cleveland must respond by no later than August 2, 2024. *See* ECF 11. TMP may then file a reply in support of the Motion by no later than August 16, 2024. *Id.*

*Second*, by upending the existing briefing schedule on the Motion, such a stay would undermine the Federal Rules' aim of promoting "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Kelly v. Beliv LLC*, 2024 WL 1076217, at *6 (S.D.N.Y. Mar. 12, 2024) (recognizing "Local Civil Rule 37.2's goal of promoting efficiency in litigation"). That goal "would not be advanced by further delay in resolving the[] issues on the merits." *Time Inc. v. Simpson*, 2002 WL 31844914, at *2 (S.D.N.Y. Dec. 18, 2002)). To the contrary, Cleveland's requested stay would delay the resolution of the Motion's merits. And there is no reason to defer full briefing on the Motion based on an argument – that the Motion that had to be filed in the Northern District of Ohio – that is contrary to numerous decisions from this District and other courts within this Circuit.[1]

---

[1] Cleveland's argument is based on the claim that the "place of compliance" is the Northern District of Ohio because Cleveland's counsel specified Cleveland on the face of subpoena as the "Place" for the electronic production of the requested materials. *See* ECF 15, at 5. But "[c]ourts in the Second Circuit" follow the rule that the place of compliance is based on "the residence of the non-party recipient (*i.e.*, the place from which the documents are produced)." *Cleary v. Kaleida Health*, 2024 WL 1297708, at *3 (W.D.N.Y. Mar. 27, 2024); *see, e.g.*, *Greater Chautauqua Fed. Credit Union v. Quattrone*, 2024 WL 497521, at *1 (S.D.N.Y. Jan. 3, 2024) (place of compliance is based on the address of a non-party where "the subpoena at issue requires the electronic production of various categories of documents from [the] non-party"); *Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, 2021 WL 6064845, *2 (E.D.N.Y. Dec. 22, 2021) (because "[p]etitioner's principal place of business is in Brooklyn, New York," "the District Court for the Eastern District of New York is the proper venue for Petitioner to file their motion to quash"); *Burnett v. Wahlburgers Franchising LLC*, 2018 WL 10466827, at *2 (E.D.N.Y. Oct. 4, 2018) (place of compliance "is the district in which the subpoenaed, nonparty corporation is headquartered"); *see also Mackey v. IDT Energy, Inc.*, 2019 WL 2004280, at *1, *4 (S.D.N.Y. May 7, 2019) (granting in part and denying in part a New York City-based non-party's motion to (continued...)

**COVINGTON**

Honorable Valerie Caproni
July 17, 2024
Page 3


For these reasons, the Court should maintain the current briefing schedule for the Motion and should not stay the Motion or its briefing schedule.

Respectfully submitted,

s/ Jason P. Criss

cc:    Counsel of Record (via ECF)

*Counsel to Non-Party Movant*
*The Marshall Project, Inc.*

Respondent's motion to stay the briefing schedule for the motion to quash pending briefing on Cleveland's motion to dismiss for lack of jurisdiction is DENIED.

Cleveland can raise its jurisdictional arguments in its response to TMP's motion, but the Court will not stay the briefing deadlines for TMP's motion.


SO ORDERED.                7/17/24

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

quash a subpoena issued by the U.S. District Court for the Northern District of Illinois that commanded the electronic production of documents).